WESTERN REFRIGERATOR Co. *v.* AMERICAN CASUALTY INS. & SEC. Co. OF BALTIMORE.

*(Circuit Court, N. D. Illinois. November 10, 1891.)*

INSURANCE—ACTION ON POLICY—DECLARATION.

An insurance company issued a policy, one item of which was "against all direct loss or damage [excepting all losses caused directly or indirectly by fire or lightning] to the property" of the insured. *Held*, that a declaration attempting to state a cause of action under said item, without stating that the loss was not caused, directly or indirectly, by fire, was demurrable.

At Law. On demurrer. *Assumpsit* by the Western Refrigerator Company against the American Casualty Insurance & Security Company of Baltimore.

*Fry & Babb* and *Thomas Bates*, for complainant.

*W. B. Keep*, for defendant.

BLODGETT, District Judge. Defendant demurs to the 2d, 4th, 6th, and 8th counts of the declaration. These counts state a cause of action

under the fifth item of the policy of insurance sued upon. This item is in the following words:

"(5) Against all direct loss or damage [excepting all losses caused, directly or indirectly, by fire or lightning] to the property, real or personal, of the assured, situate upon the above-described premises, caused by any accident to or by the boilers, engines, elevators, [enumerated in the application for this policy,] steam pipes, shafting, belting, hangers, and pulleys, situated on the premises above described, and against loss or damage resulting from such accident to the property of others for which the assured may be liable."

In construing this policy it must be borne in mind that it is a policy strictly against accidents, and not a fire policy. The whole tenor of the instrument shows clearly that it was intended only as an accident policy, and not as an insurance against fire. The true meaning of the fifth item of the policy would, I think, be more clearly expressed if the clause in brackets, excepting loss by fire, had been omitted, and there had been written at the end of the paragraph a proviso saying that " this policy is not to cover any losses caused directly or indirectly by fire or lightning." In other words, it is not a policy against fire, even if fire is the result or immediate consequence of the accident. With this view of the true construction of the policy I think the demurrer is well taken to these counts, because the pleader has not stated that the loss was not caused directly or indirectly by fire. The demurrer is therefore sustained as to the second and third counts.